-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

___

JAMIE LAMPHEAR,

          Plaintiff,

    -v-

CORRECTIONAL OFFICER E. ROZELL,
CORRECTIONAL OFFICER G. REPPERT, and
DOCTOR W. CANFIELD,

          Defendants.

12-CV-0175Sr
ORDER



___

Plaintiff, who is currently incarcerated at the Attica Correctional Facility but was incarcerated at the Southport Correctional Facility at the time of the events alleged in the complaint, has requested permission to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) (Docket Nos. 2 and 6) and has met the statutory requirements. Plaintiff has also requested the appointment of counsel. (Docket Nos. 3, 4.) Accordingly, plaintiff's request to proceed as a poor person is hereby granted, but his motions for appointment of counsel are denied without prejudice as premature.[1] In addition, plaintiff's complaint has been reviewed by the Court with respect to the 28 U.S.C. § 1915(e)(2) criteria.[2]

___

[1] A more fully developed record will be necessary before the Court can determine whether plaintiff's chances of success warrant the appointment of counsel. Therefore, plaintiff's motion is denied without prejudice to its renewal at such time as the existence of a potentially meritorious claim may be demonstrated. See Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997) (when determining whether to appoint counsel, the Court must first look to the "likelihood of merit" of the underlying dispute).

[2] See, e.g., McEachin v. McGuiniss, 357 F.3d 197, 200 (2d Cir. 2004) ("We have frequently reiterated that '[s]ua sponte dismissals of pro se prisoner petitions which contain non-frivolous claims without requiring service upon respondents or granting leave to amend is disfavored by this Court.' ") (quoting Moorish Sci. Temple of Am. Inc. v. Smith, 693 F.2d 987, 990 (2d Cir. 1982)); Benitez v. Wolff, 907 F.2d 1293, 1295 (2d Cir. 1990) (per curiam) ("Sua sponte dismissal of a pro se complaint prior to service of process is a draconian device, which is warranted only when the complaint lacks an arguable basis in law or fact. Where a colorable claim is made out, dismissal is improper prior to service of process and the defendants' answer.") (citations

Plaintiff alleges that on July 14, 2009, defendant Correctional Officers Rozell and Reppert entered his cell in order to escort him to the shower and proceeded to knock him to the floor and strike him about his head, facial area and ribs, and that, upon being taken to Southport's clinic, defendant Dr. Canfield refused to give him any medical treatment. Canfield ordered no X-rays and did not prescribe any pain medication. According to a copy of a Prison Grievance Report attached to the complaint, plaintiff received x-rays on August 19, 2009, which revealed fractured ribs.[3]

The Clerk of the Court is directed to file plaintiff's papers, and to cause the United States Marshal to serve copies of the Summons, Complaint, and this Order upon the named defendants without plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in plaintiff's favor.

Pursuant to 42 U.S.C. § 1997e(g)(2), the defendants are directed to answer the complaint.

SO ORDERED.

DATED: 9/13, 2012
Buffalo, New York

JOHN T. CURTIN
United States District Judge

---

and internal quotations omitted)).

[3] The court may consider facts set forth in exhibits attached as part of the complaint as well as those in the formal complaint itself. See Chance v. Armstrong, 143 F.3d 698, 698 n.1 (2d Cir. 1998); see also Cortec Industries, Inc. v. Sum Holding L.P., 949 F.2d 42, 47 (2d Cir. 1991) ("the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference.").